516

## CIRCUIT COURT OF FREDERICK COUNTY

Commercial and Savings Bank

    v.

Donald L. Bayliss and
Carolyn R. Bayliss

January 25, 1977

Case No. (Law) 3275

By JUDGE ROBERT K. WOLTZ

This is my letter opinion on the motion for summary judgment filed by the plaintiff.

The Commercial and Savings Bank (hereafter C & S), plaintiff, sues Donald L. Bayliss and his wife, Carolyn R. Bayliss, on a negotiable promissory note of which C & S is payee, dated 17 April 1974 in the principal sum of $160,000 with interest shown on the face of the note at 8 per cent per annum and providing for attorney fees, which note is payable on demand. The defendants do not deny their signatures or that they are makers, and the latter is substantiated by their having signed the note in the lower right hand corner, *see* Official Comment to § 3-402 of the Uniform Commercial Code. Their signatures appear, the husband's immediately above the wife's, without notation or written qualification as to the capacity in which each signed.

Stamped on the back of the note is a form for entry of date and amount of interest payments. Entries show that interest payments were made quarterly. Handwritten notations without any signature, initial or other feature appear at two points outside of or next to the stamped form. The first notation is "Raised to $10\frac{1}{2}\%$." The other notation is "9% at this time." There is a third notation within the stamped form next to an entry of interest reading "at 9%." It appears that the first quarterly payment of interest was at 8 per cent; the next one was at 9 per cent; the third one was at $10\frac{1}{2}$ per cent; and subsequent quarterly interest payments were at 9 per cent.

The plaintiff sues for $160,000 plus 9 per cent interest per annum from July 14, 1975, alleging that the note bore interest at 9 per cent from its date. The defendant husband in his grounds of defense does not deny the allegations of the motion for judgment.

In her grounds of defense, the defendant wife alleges that she was an accommodation party to the note. As a result of her accommodation status, she asserts the following defenses: (1) that she is not liable because of the failure of the plaintiff to enforce payment against the principal maker; (2) that the change in the interest rate contracted for of 8 per cent being without her knowledge or authorization discharges her from liability; and (3) without allegation of any supporting facts, that she is discharged by the provisions of § 8.3-606. Due to the failure of this third defense to allege any supporting facts and the section cited appearing to be otherwise inapplicable, it is stricken.

For the purposes of this opinion it is assumed, without necessarily deciding, that the defendant wife is an accommodation maker.

In this case, the signatures are admitted and the instrument is produced, so the holder is entitled to recover unless the wife can establish a defense. Section 8.3-307(2). Therefore, unless the wife can sustain one of her two unstricken defenses, the plaintiff recovers. Resolution of the first defense lies within the UCC. Resolution of the second defense lies within that code as well as the general law of suretyship.

*First defense: failure of plaintiff to enforce payment against principal maker.*

"When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation." § 8.3-145(2). No issue is raised about the instrument being taken for value or before it was due. The wife signing as a maker, even if for accommodation, is liable on the note as a maker, and this even though the holder may know of her accommodation. (The UCC at no place defines a "taker." Whatever other capacities the term may encompass, surely it must include a holder or a holder in due course and the Official Comment and Virginia Comment substantiate this.)

A maker "engages that he will pay the instrument according to its tenor at the time of his engagement. . ." Section 8.3-413(1). Prima facie then the defendant wife's undertaking was to pay the principal amount of the note together with interest at 8 per cent upon demand for payment.

Thus, as a maker and despite any accommodation status, the defendant wife has a direct liability to discharge the obligation to the plaintiff-holder, who consequently can, without prerequisite necessity of attempting enforcement against the principal maker, enforce it against her. Hence her first defense is without merit. If she is to be discharged from liability it can only be on the basis of her accommodation status.

*Second defense: change in interest rate contracted for without accommodation maker's consent discharges accommodation maker.*

In this regard, neither defendant denies that the plaintiff bank is a holder and the bank does not claim to be a holder in due course.

"An accommodation party is one who signs an instrument in any capacity for the purpose of lending his name to another party to it." § 8.3-415(1). The Official Comment states this subsection "recognizes that an accommodation party is always a surety. . . and it is his only distinguishing feature. He differs from other sureties only

in that his liability is on the instrument and he is a surety for another party to it. . . . The subsection recognizes the defenses of a surety in accordance with the provisions subjecting one not a holder in due course to all simple contract defenses. . . ." The Virginia Comment construes this subsection as a recognition "that an accommodation party is always a surety. . . ."

The general rule of suretyship law is that any change in the terms of the contract to which the surety is a party without his consent will release him from liability. The rationale is that when such a contract is changed without the surety's consent it ceases to be his contract and amounts to a new agreement to which he has not subscribed and so he is thereby discharged. 18 M.J., *Suretyship* Section 12; 74 Am. Jur. 2d, *Suretyship* § 41.

In order to discharge a surety under this principle of law, in my opinion, the following are prerequisite: (a) the creditor and principal must have made an agreement subsidiary to and related to the original obligation or undertaking to which the surety was a party; (b) the subsidiary agreement must have been made without the consent of the surety; (c) the subsidiary agreement must be binding on the creditor and the principal, being supported by valuable consideration and meeting the other requirements of an enforceable contract; (d) the subsidiary agreement must modify the original agreement so as to vary the terms thereof in such a way as to change the undertaking thereon of the surety.

The only change asserted by the defendant wife as a basis for her discharge as an accommodation maker is the change from the 8 per cent interest rate "without her knowledge or authorization in writing." Under the UCC, "any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in. . . (c) the writing as signed, by adding to it or by removing any part of it." Section 8.3-407(1). Except in special circumstances a fraudulent and material alteration by a holder discharges a party whose contract is changed by such alteration; but no alteration other than this type discharges any party "and the instrument may be enforced according to its original tenor. . ." § 8.3-407(2)(a) and (b). While the plaintiff sued for principal plus interest at the rate

of 9 per cent in the motion for judgment, it now claims only interest at the rate of 8 per cent against the defendant wife.

It appears to me that there has been no alteration of this instrument, material or fraudulent or otherwise. The change in interest was not effected through a change on the face of the note, which was signed by the defendant wife. She could in no may be bound or have her liability affected by notations on the back of the note. As a surety or otherwise she is liable on and under only the note which she signed. Its original tenor was interest at 8 per cent and its present tenor remains 8 per cent and unaffected by notations on the back of the note unsigned by her or the other parties to the instrument.

Further, under the suretyship principle mentioned above, such notations on the back of the note do not evidence a binding agreement supported by adequate consideration nor in her pleading does she allege any such agreement. Such a binding agreement is a necessity in any effort by the surety to obtain a discharge from the liability. *Atlantic Trust and Deposit Co. v. Union Trust and Title Corp.*, 110 Va. 286 (1909).

Even if the agreement between the defendant husband and the bank were a binding contract to increase the interest, yet it is dehors the original agreement, that is, the face of the note, and would not alter the original obligation so as to release a surety. *Tremper v. Hemphill*, 35 Va. (8 Leigh) 623 (1837). *See also* Annotation, 2 A.L.R. 1569.

It is unnecessary to decide whether a binding agreement between principal maker and payee, dehors the contract embodied in the note, (such as an agreement to increase interest in return for an extension of time for payment) would discharge an accommodation party. In this case, the defendant wife has alleged no such matter, but merely a change in interest rate, apparently on the theory such change *ipso facto* discharges her from liability.

For the foregoing reasons, the motion for summary judgment is sustained.